UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Civ. No. 18-2825 (PAM/KMM) |
|---|---|
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Patrick Kidd, | |
| Respondent. | |

This matter is before the court on the February 4, 2019, Report and Recommendation ("R&R") of United States Magistrate Katherine M. Menendez. (Docket No. 26.) The R&R recommended that Kidd be committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4245 for hospitalization and treatment until he is no longer in need of such custody for care and treatment. Kidd filed timely objections to the R&R.

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Kidd's objections and adopts the R&R.

**BACKGROUND**

The facts of this matter are fully set forth in Magistrate Judge Menendez's thorough R&R and will merely be summarized here. In 2011, Kidd pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine before the United States District Court for the Southern District of Alabama, and was sentenced to a prison

term of 120 months.  The Bureau of Prisons calculates his good conduct release date to be August 19, 2019.  Kidd has been incarcerated at several facilities since the beginning of his sentence, and has been incarcerated at FMC-Rochester since July 2018.

Kidd's mental condition has deteriorated since at least 2016, when he was diagnosed with a "delusional disorder" after repeatedly expressing concerns that there was an "app" in his head that was broadcasting to a government official.  In 2017, Kidd was diagnosed with schizophrenia of an unspecified type.  Kidd's behavior became increasingly erratic, as he was seen showering fully clothed and became obsessed with determining the sexuality of inmates and staff.  Prison staff moved Kidd to isolated housing after his delusions worsened and he became physically aggressive towards staff and other inmates.

The FMC-Rochester treatment team confirmed Kidd's diagnosis of schizophrenia in September 2018.  His symptoms include delusional beliefs, disorganized thinking, disorganized behavior, and auditory hallucinations.  Additionally, Kidd has become increasingly aggressive since his transfer to FMC-Rochester, including spitting on and throwing items at corrections officers.  There have been times where Kidd was emergently medicated due to his psychosis and threats of bodily injury to staff.

Kidd does not believe he has a mental illness or need for treatment, but he takes antipsychotic medications daily to avoid being emergently medicated in the future.  These medications have proven effective at treating Kidd's schizophrenic symptoms.  However, Kidd's physicians at FMC-Rochester allege that he requires a higher dosage, different medications, and hospitalization in order to maximize the effectiveness of his

treatment and prepare him for re-entry at the conclusion of his sentence. The physicians further claim that without these advanced treatments, Kidd's symptoms will create a significant barrier to his successful transition out of incarceration.

On October 2, 2018, the Government filed a petition for a hearing to determine Kidd's present mental condition pursuant to 18 U.S.C. § 4245(a). Judge Menendez held the hearing on December 20, 2018, and ultimately concluded that Kidd should be committed for hospitalization based on his schizophrenia.

**DISCUSSION**

Kidd raises two objections to the R&R. First, he objects to the recommendation that he be committed for treatment. Specifically, he alleges that he does not believe he is suffering from a mental illness, and does not wish to accept the consequences of additional treatment, like involuntary medication and seclusion.

The statute provides that a prisoner may be involuntarily committed "if there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a). Accordingly, the Court must determine: (1) whether Mr. Kidd has a mental disease or defect; (2) if so, whether he is in need of custody for care or treatment; and (3) if so, whether FMC-Rochester is a suitable facility. United States v. Horne, 955 F. Supp. 1141, 1144 (D. Minn. 1997) (Tunheim, J.).

The Court acknowledges and has considered Kidd's personal objections to treatment. However, the evidence and testimony from Kidd's doctors showing that Kidd

suffers from schizophrenia directly refutes his allegations that he does not suffer from a mental disease. (See generally Docket No. 23.)

Moreover, Kidd is in need of custody for treatment of his condition. Need may be established by showing that treatment would enable a prisoner to function in the general prison population. See United States v. Watson, 893 F.2d 970, 982 (8th Cir. 1990). Kidd's doctors have testified that the symptoms of his schizophrenia prohibit him from functioning in the general prison population, as he has a history of assaulting prison staff and other inmates. (See Docket No. 9 at 15.) His symptoms also prevent him from recognizing that he has a mental illness and prevent him from taking advantage of the full suite of treatment options available at FMC-Rochester. (Docket No. 23 at 33.) Kidd's doctors testified that he has responded well to the low dosage of anti-psychotics he accepts, but Kidd's refusal to take the full recommended dosage and participate in other treatment programs has stymied his improvement. (Id. at 94, 95.) The Court agrees with Magistrate Judge Menendez that Kidd is in need of treatment to improve his mental condition and facilitate his transition to the community before his release in August 2019.

Finally, FMC-Rochester is a suitable facility for Kidd's treatment. FMC-Rochester is a fully accredited hospital providing a wide range of medical and therapeutic options to incarcerated inmates. The Court is satisfied that Kidd will have access to the care he needs at the facility.

In his second objection, Kidd requests that this Court's adoption of the R&R include the following language: "[t]he Attorney General shall hospitalize the person for treatment in a suitable facility until he is no longer in need of such custody for care or

4

treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." 18 U.S.C. § 4245(d). Kidd notes that the clause regarding his release at the expiration of his sentence was absent from the R&R. The government does not object to inclusion of the full text of 18 U.S.C. § 4245(d).

In sum, the Court agrees with Judge Menendez's recommendation that Kidd be committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4245 for hospitalization and treatment.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Patrick Kidd's objections (Docket No. 27) are **OVERRULED in part** and **SUSTAINED in part**;

2. The R&R (Docket No. 26) is **ADOPTED**;

3. The Government's Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 (Docket No. 1) is **GRANTED**; and

4. Respondent shall be committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4245 for hospitalization and treatment until Respondent is no longer in need of such custody for care and treatment, or until the expiration of the sentence of imprisonment, whichever occurs earlier.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 28, 2019         *s/ Paul A. Magnuson*
                                 Paul A. Magnuson
                                 United States District Court Judge